UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| NIDEC CORPORATION, § | |
| § | |
| *Plaintiff,* § | |
| § | NO. 6:07cv108 |
| v. § | |
| § | JURY DEMANDED |
| LG INNOTEK CO., LTD., § | |
| and § | |
| LG INNOTEK HUIZHOU INC., § | |
| § | |
| *Defendants.* § | |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT
AND JURY DEMAND**

Plaintiff Nidec Corporation ("Nidec") brings this action for patent infringement against Defendants LG Innotek Co., Ltd. ("LGIT") and LG Innotek Huizhou Inc. ("LGITHZ") and alleges as follows:

**I. THE PARTIES**

1.   Nidec is a Japanese corporation having an address at 338 Tonoshiro-cho, Kuze, Minami-ku, Kyoto 601-8205, Japan.

2.   Upon information and belief, LGIT is a Korean corporation having its principal place of business at LG Twin Towers 33/34F, Yeouido-dong, Yeongdeungpo-gu, Seoul, 150-721 Korea. Upon information and belief, LGIT is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service in this state. LGIT may be served with process in Korea pursuant to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents.

3. Upon information and belief, LGITHZ is a Chinese corporation having its principal place of business at District 18, Zhongkai Hi-Tech Industry Development Zone, Huizhou, Guangdong, China, 516006. Upon information and belief, LGITHZ is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service in this state. LGITHZ may be served with process in China pursuant to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents.

## II. JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§1331 and 1338(a).

5. Personal jurisdiction exists specifically over Defendants because, on information and belief, Defendants purposely ship the accused product and promote sales through their distribution channels, and serve directly or indirectly the market for the accused product, within the State of Texas and within the Eastern District of Texas.

6. Venue is proper in the Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b).

## III. PATENT INFRINGEMENT

7. Plaintiff repeats the allegations in paragraphs 1-6 as though fully set forth herein.

8. Plaintiff is the owner of all rights, title, and interest in and under United States Patent No. 6,242,830 ("the '830 Patent"), attached hereto, which duly and legally issued on June 5, 2001.

9.      The '830 Patent is for an invention titled "Motor." A true and correct copy of the '830 Patent is attached hereto as Exhibit A.

10.     Upon information and belief, Defendants have infringed and are infringing the '830 Patent by making, using, selling, and/or offering for sale, without authority, products that fall within the scope of the claims of the '830 Patent, including, but not limited to, the products known as "MSDH-W009A" and "MSDH-W012A" manufactured by Defendants.

11.     By such direct acts of infringing the '830 Patent, upon information and belief, Defendants have also induced infringement of the '830 Patent under 35 U.S.C. § 271(b), and has contributed to infringement of the '830 Patent under 35 U.S.C. § 271(c). The infringing products have no substantial non-infringing uses.

12.     Defendants' acts of direct, contributory, and inducing infringement have been willful.

13.     As a direct and proximate result of Defendants' acts of patent infringement, Plaintiff has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known. Plaintiff has complied with the applicable requirements of 35 U.S.C. §287.

14.     Plaintiff's claims and causes of action against Defendants constitute an exceptional case under 35 U.S.C. §285 entitling Plaintiff to reasonable attorney fees.

### IV. PRAYER FOR RELIEF

15.     Plaintiff Nidec respectfully requests that judgment be entered in its favor and against Defendants LGIT and LGITHZ and that the Court grant the following relief to Plaintiff:

  A. Declare that the '830 Patent is valid and enforceable;

  B. Declare that Defendants have infringed the '830 Patent;

  C. Declare this to be an exceptional case under 35 U.S.C. §285;

  D. Award to Plaintiff damages to which it is entitled for patent infringement;

  E. Award to Plaintiff damages, expenses, costs and attorney fees incurred by Plaintiff;

  F. Award interest on Plaintiff's damages;

  G. Enjoin Defendants LGIT and LGITHZ permanently from further acts of infringement; and

  H. Such other relief as the Court deems just and proper.

## V. JURY DEMAND

In accordance with Federal Rules of Civil Procedure 38 and 39, Plaintiff demands a trial by jury on all issues so triable.

Dated: March 6, 2007

              Respectfully submitted,

              _____
              ANDY TINDEL
              State Bar No. 20054500

              PROVOST ✻ UMPHREY
              LAW FIRM, L.L.P.
              112 East Line Street, Suite 304
              Tyler, Texas 75702
              Telephone: (903) 596-0900
              Facsimile: (903) 596-0909
              E-mail: atindel@andytindel.com

              ATTORNEY FOR PLAINTIFF

Of Counsel:

Scott M. Daniels
Ken-Ichi Hattori
Kumiko Ide
WESTERMAN, HATTORI, DANIELS AND ADRIAN, LLP
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20016
Telephone: (202) 822-1100
Facsimile: (202)-822-1111
E-mail: sdaniels@whdapatentlaw.com