IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **NIDEC CORPORATION,**<br><br>   Plaintiff<br><br>vs.<br><br>**LG INNOTEK CO., LTD., and LG INNOTEK HUIZHOU, INC.,**<br><br>   Defendants. | **CIVIL ACTION NO. 6:07-cv-108-LED**<br><br>**JURY DEMANDED** |

**DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

  Defendants LG Innotek Co., Ltd. ("LGIT") and LG Innotek Huizhou, Inc. ("LGITHZ") (collectively "Defendants"), by and through their undersigned counsel, hereby file their Answer to Nidec Corporation's Complaint for Patent Infringement, filed on or about March 6, 2007 ("Complaint"), and assert affirmative defenses to those claims. A jury trial is demanded for all claims so triable.

**RESPONSE TO ALLEGATIONS AS TO THE PARTIES**

  1.  Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 1 of the Complaint, and therefore deny them.

  2.  Defendants admit that LGIT is a Korean Corporation having its principal place of business at LG Twin Towers 33/34F, Yeouido-dong, Yeongdeungpo-gu, Seoul, Korea. Defendants also admit that LGIT is a nonresident of Texas that does not maintain a regular place of business in Texas or have a designated agent for service in Texas. Defendants deny the remaining allegations of paragraph 2 of the complaint and further aver that paragraph 2 of the

Complaint contains multiple oversimplifications, characterizations and generalizations in violation of the requirement in Rule 8 of the Federal Rules of Civil Procedure that "[e]ach allegation must be simple, concise, and direct."

3.      Defendants admit that LGITHZ is a Chinese Corporation having its principal place of business at District 18, Zhongkai Hi-Tech Industry Development Zone, Huizhou, Guangdong, China, 516006.  Defendants also admit that LGITHZ is a nonresident of Texas that does not maintain a regular place of business in Texas or have a designated agent for service in Texas.  Defendants deny the remaining allegations of paragraph 3 of the complaint and further aver that paragraph 3 of the Complaint contains multiple oversimplifications, characterizations and generalizations in violation of the requirement in Rule 8 of the Federal Rules of Civil Procedure that "[e]ach allegation must be simple, concise, and direct."

## RESPONSE TO ALLEGATIONS AS TO JURISDICTION AND VENUE

4.      Defendants admit that this purports to be an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, but otherwise deny the remaining allegations in paragraph 4 of the Complaint.

5.      Defendants deny the allegations in paragraph 5 of the Complaint.

6.      Defendants deny the allegations in paragraph 6 of the Complaint.

## RESPONSE TO ALLEGATIONS AS TO PATENT INFRINGEMENT

7.      Defendants refer to and incorporate herein their responses to Plaintiff's allegations in paragraphs 1-6, above, as though fully set forth herein.

8.      Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 8 of the Complaint, and therefore deny them.

9.     Defendants admit that Exhibit A to the Complaint purports to be a copy of United States Patent No. 6,242,830, entitled "MOTOR" ("the '830 patent"), but otherwise deny the remaining allegations in paragraph 9 of the Complaint.

10.    Defendants deny the allegations in paragraph 10 of the Complaint. Defendants further aver that paragraph 10 of the Complaint contains multiple oversimplifications, characterizations and generalizations in violation of the requirement in Rule 8 of the Federal Rules of Civil Procedure that "[e]ach allegation must be simple, concise, and direct."

11.    Defendants deny the allegations in paragraph 11 of the Complaint. Defendants further aver that paragraph 11 of the Complaint contains multiple oversimplifications, characterizations and generalizations in violation of the requirement in Rule 8 of the Federal Rules of Civil Procedure that "[e]ach allegation must be simple, concise, and direct."

12.    Defendants deny the allegations in paragraph 12 of the Complaint. Defendants further aver that paragraph 12 of the Complaint contains multiple oversimplifications, characterizations and generalizations in violation of the requirement in Rule 8 of the Federal Rules of Civil Procedure that "[e]ach allegation must be simple, concise, and direct."

13.    Defendants deny the allegations in paragraph 13 of the Complaint. Defendants further aver that paragraph 13 of the Complaint contains multiple oversimplifications, characterizations and generalizations in violation of the requirement in Rule 8 of the Federal Rules of Civil Procedure that "[e]ach allegation must be simple, concise, and direct."

14.    Defendants deny the allegations in paragraph 14 of the Complaint. Defendants further aver that paragraph 14 of the Complaint contains multiple oversimplifications, characterizations and generalizations in violation of the requirement in Rule 8 of the Federal Rules of Civil Procedure that "[e]ach allegation must simple, concise, and direct."

## RESPONSE TO ALLEGATIONS AS TO THE PRAYER FOR RELIEF

15. Defendants deny that the Plaintiffs are entitled to the requested relief.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

16. The Defendants are not subject to Personal Jurisdiction in Texas.

### SECOND AFFIRMATIVE DEFENSE

17. Venue is improper in this Judicial District.

### THIRD AFFIRMATIVE DEFENSE

18. One or more claims of the '830 patent are invalid for failing to meet one or more of the requisite conditions or requirements for patentability specified by 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

19. The '830 patent is unenforceable due to inequitable conduct, as follows:

    (a) The '830 Patent relates to a motor well adaptable for a CD-ROM driver, a DVD-ROM drive, and similar devices.

    (b) The listed inventors Masayuki Katagiri; the assignee of the patent, Kabushiki Kaisha Sankyo Seiki Sisakusho; the prosecuting law firm of Sughrue, Mion, Zinn, Macpeak & Seas, PLLC; and/or one or more individuals involved with the filing and prosecution of the '830 patent had knowledge of material prior art and/or information and on information and belief, willfully and with the intent to deceive the United States Patent and Trademark Office ("USPTO") refrained from disclosing such information to the USPTO.

    (c) The application for the '830 patent, Serial No. 09/414,544, was filed on October 8, 1999.

(d)     On the same day, a related application, Serial No. 09/414,543, was filed that led to United States Patent No. 6,339,275 (the "'275 patent").

(e)     The same inventor, assignee, and prosecuting law firm were involved with the filing and prosecution of both applications.

(f)     The '275 patent also relates to a motor which is used in CD-ROM drives, DVD-ROM drives, and similar devices.

(g)     On August 23, 2000, the examiner of application number 09/414,543 rejected claim 7 under 35 U.S.C. 102(b) as being anticipated by United States Patent No. 5,528,092 (the "'092 patent").  That claim recited a structure that contained an oil reservoir.

(h)     An oil reservoir is central to claims 1 and 11 of the '830 patent.

(i)     The office action and the '092 patent reference are material and important to a reasonable Examiner.

(j)     The listed inventor, the assignee, and/or one or more individuals involved with the filing and prosecution of the '830 Patent had knowledge of the August 23, 2000 office action and '092 reference during the prosecution of application number 09/414,544, which led to the '830 patent.

(k)     Because the listed inventor, the assignee, and/or one or more individuals involved with the filing and prosecution of the '830 patent failed to disclose material prior art and/or material information to the USPTO with the intent to deceive the USPTO during the prosecution of the '830 Patent, the '830 Patent is unenforceable due to inequitable conduct.

### FIFTH AFFIRMATIVE DEFENSE

20.     Defendants do not infringe, have not infringed, and have neither induced nor contributed to the infringement of the '830 patent.

### SIXTH AFFIRMATIVE DEFENSE

21. Plaintiff has failed to state a claim for which relief can be granted. In particular, several allegations in the Complaint contain multiple oversimplifications, characterizations and generalizations in violation of the requirement in Rule 8 of the Federal Rules of Civil Procedure that "[e]ach allegation must be simple, concise, and direct," thereby failing to put the Defendants on notice as to the basis of a given claim or allegation.

### SEVENTH AFFIRMATIVE DEFENSE

22. On information and belief, Plaintiff has failed to mark its products in compliance with 35 U.S.C. § 287(a).

### EIGHTH AFFIRMATIVE DEFENSE

23. Pursuant to 35 U.S.C. § 287(b), Defendants are not liable for damages for infringement under any section of 35 U.S.C. § 271 before receiving notice of Plaintiff's allegations of infringement in this action.

### NINTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred, in whole or in part, under the doctrines of laches.

### RESERVATION AND NON-WAIVER

Defendants reserve and do not waive any additional defenses as may be revealed by information subsequently acquired in discovery or otherwise.

### PRAYER FOR RELIEF

WHEREFORE, having fully answered and responded to the allegations in the Complaint and set out affirmative defenses thereto, Defendants respectfully pray the Court for the following relief:

1. That the Plaintiff's claims are dismissed with prejudice;

2. That the Plaintiff has and recovers nothing from Defendants

3. That the costs of this action be taxed against Plaintiff;

4. That Defendants be awarded reasonable attorneys' fees, to be taxed against Plaintiff, for all costs and fees incurred by Defendants in defending this action, to the extent allowed by law;

5. For such other and further relief to Defendants as the Court deems just and proper.

Dated: March 25, 2008                                      Respectfully submitted,


*/s/ Jennifer Parker Ainsworth*_____
Jennifer Parker Ainsworth
Texas Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P. O. Box 7339
Tyler, TX  75711-7339
Telephone: (903) 509-5000
Facsimile: (903) 509-5092

Of Counsel:

Gaspare J. Bono
gbono@mckennalong.com
MCKENNA LONG & ALDRIDGE, L.L.P.
1900 K Street, NW
Washington, D.C.  20006
Telephone: (202) 496-7500
Facsimile:  (202) 496-7756

ATTORNEYS FOR DEFENDANTS
LG INNOTEK CO., LTD. and LG INNOTEK HUIZHOU, INC.

- 8 -

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 25th day of March, 2008.

                                          */s/ Jennifer Parker Ainsworth*_____
                                          Jennifer Parker Ainsworth