UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| NIDEC CORPORATION, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | NO. 6:07-CV-108-LED/JDL |
| v. | § | PATENT CASE |
| | § | JURY DEMANDED |
| LG INNOTEK CO., LTD., | § | |
| LG INNOTEK HUIZHOU INC., | § | |
| LG INNOTEK U.S.A. Inc. | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT**

Plaintiff Nidec Corporation ("Nidec") brings this action for patent infringement against Defendants LG Innotek Co., Ltd. ("LGIT"), LG Innotek Huizhou Inc. ("LGITHZ"), and LG Innotek U.S.A. Inc. (LGITUS), and alleges as follows:

**I.  THE PARTIES**

1.      Nidec is a Japanese corporation having an address at 338 Tonoshiro-cho, Kuze, Minami-ku, Kyoto 601-8205, Japan.

2.      Upon information and belief, LGIT is a Korean corporation having its principal place of business at LG Twin Towers 33/34F, Yeouido-dong, Yeongdeungpo-gu, Seoul, 150-721, Korea.  Upon information and belief, LGIT is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service in this state.  LGIT may be served with process in Korea pursuant to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents.

3.     Upon information and belief, LGITHZ is a Chinese corporation having its principal place of business at District 18, Zhongkai Hi-Tech Industry Development Zone, Huizhou, Guangdong, China, 516006.  Upon information and belief, LGITHZ is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service in this state.  LGITHZ may be served with process in China pursuant to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents.

4.     Upon information and belief, LGITUS is a corporation duly organized and existing under the laws of the state of California, having a principal place of business at 10225 Willow Creek Road, San Diego, CA 92131.  Upon information and belief, LGITUS is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service in this state.

## II. JURISDICTION AND VENUE

5.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§1331 and 1338(a).

6.     This Court has personal jurisdiction over Defendants in that each of them has committed acts within Texas and this judicial district giving rise to this action and each of Defendants has established minimum contacts with the forum such that the exercise of jurisdiction over each of Defendants would not offend traditional notions of fair play and substantial justice.  Personal jurisdiction exists specifically over Defendants because, on information and belief, Defendants purposely ship the accused product and promote sales

through their distribution channels, and serve directly or indirectly the market for the accused product, within the State of Texas and within the Eastern District of Texas.

7. Venue is proper in the Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b).

### III. PATENT INFRINGEMENT

### COUNT 1

8. Plaintiff is the owner of all rights, title, and interest in and under United States Patent No. 6,242,830 ("the '830 Patent"), attached hereto, which duly and legally issued on June 5, 2001.

9. The '830 Patent is for an invention titled "Motor." A true and correct copy of the '830 Patent is attached hereto as Exhibit A.

10. Upon information and belief, Defendants have infringed and have continued to infringe the '830 Patent. The infringing activities include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale, without authority, of products that fall within the scope of the claims of the '830 Patent, including, but not limited to, Defendants' motors identified as MSDH-C007F, MSDH-D011A, MSDH-R014B, MSDH-R017A, MSDH-R022A, MSDH-W009A, and MSDH-W012A.

11. By such direct acts of infringing the '830 Patent, upon information and belief, Defendants have also induced infringement of the '830 Patent under 35 U.S.C. § 271(b), and have contributed to infringement of the '830 Patent under 35 U.S.C. § 271(c). The infringing products have no substantial non-infringing uses.

12. Defendants' acts of direct, contributory, and inducing infringement have been willful.

13.     As a direct and proximate result of Defendants' acts of patent infringement, Plaintiff has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known. Plaintiff has complied with the applicable requirements of 35 U.S.C. §287.

14.     Plaintiff's claims and causes of action against Defendants constitute an exceptional case under 35 U.S.C. §285 entitling Plaintiff to reasonable attorney fees.

## COUNT II

15.     Plaintiff is the owner of all rights, title, and interest in and under United States Patent No. 6,005,311 ("the '311 Patent"), attached hereto, which duly and legally issued on December 21, 1999.

16.     The '311 Patent is for an invention titled "Spindle Motor and Turn Table Assembly Having Structure For Canceling Unbalanced Centrifugal Force." A true and correct copy of the '311 Patent is attached hereto as Exhibit B.

17.     Upon information and belief, Defendants have infringed and have continued to infringe the '311 Patent. The infringing activities include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale, without authority, of products that fall within the scope of the claims of the '311 Patent, including, but not limited to, Defendants' motors identified as MSDH-C007F, MSDH-D011A, MSDH-R017A, and MSDH-R022A.

18.     By such direct acts of infringing the '311 Patent, upon information and belief, Defendants have also induced infringement of the '311 Patent under 35 U.S.C. § 271(b), and have contributed to infringement of the '311 Patent under 35 U.S.C. § 271(c). The infringing products have no substantial non-infringing uses.

19. Defendants' acts of direct, contributory, and inducing infringement have been willful.

20. As a direct and proximate result of Defendants' acts of patent infringement, Plaintiff has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known. Plaintiff has complied with the applicable requirements of 35 U.S.C. §287.

21. Plaintiff's claims and causes of action against Defendants constitute an exceptional case under 35 U.S.C. §285 entitling Plaintiff to reasonable attorney fees.

## IV.  PRAYER FOR RELIEF

22. Plaintiff Nidec respectfully requests that judgment be entered in its favor and against Defendants LGIT, LGITHZ, and LGITUS and that the Court grant the following relief to Plaintiff:

    A. Declare that the '830 Patent is valid and enforceable;

    B. Declare that the '311 Patent is valid and enforceable;

    C. Declare that Defendants have infringed and have continued to infringe the '830 Patent;

    D. Declare that Defendants have infringed and have continued to infringe the '311 Patent;

    E. Declare this to be an exceptional case under 35 U.S.C. §285;

    F. Award to Plaintiff damages to which it is entitled for patent infringement

    G. Award to Plaintiff damages, expenses, costs and attorney fees incurred by Plaintiff;

    H.     Award interest on Plaintiff's damages;

    I.     Enjoin Defendants permanently from further acts of infringement; and

    J.     Such other relief as the Court deems just and proper

## V.  JURY DEMAND

In accordance with Federal Rules of Civil Procedure 38 and 39, Plaintiff demands a trial by jury on all issues so triable.

Dated:  June 27, 2008

Respectfully submitted,

*/s/ Andy Tindel*_____
ANDY TINDEL
State Bar No. 20054500

PROVOST✳UMPHREY
LAW FIRM, L.L.P.
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
E-mail: atindel@andytindel.com

Of Counsel:

John P. Kong (admitted *pro hac vice*)
Scott M. Daniels (admitted *pro hac vice*)
Ken-Ichi Hattori (admitted *pro hac vice*)
Darrin A. Auito (admitted *pro hac vice*)
WESTERMAN, HATTORI, DANIELS AND ADRIAN, LLP
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20016
Telephone: (202) 822-1100
Facsimile:  (202)-822-1111
E-mail: jkong@whda.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on the 27th day of June, 2008.  Any other counsel of record will be served via facsimile transmission and first class certified mail, return receipt requested.

                                                       _/s/ Andy Tindel_____
                                                       ANDY TINDEL