**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **NIDEC CORPORATION,** | |
| **Plaintiff** | |
| **vs.** | **NO.   6:07cv108-LED** |
| **LG INNOTEK CO., LTD.,** **LG INNOTEK HUIZHOU, INC., and** **LG INNOTEK U.S.A., INC.** | **JURY DEMANDED** |
| **Defendants.** | |

**DEFENDANT LG INNOTEK USA'S MOTION TO DISMISS**
**PLAINTIFF NIDEC CORPORATION'S COMPLAINT ON THE BASIS OF**
**LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................................ 1

II.     STATEMENT OF FACTS ................................................................................... 4

        A.      LGIT USA Does Not Make, Use, Offer For Sale, Sell or Import The
                Products That Plaintiff Nidec Asserts Infringe The Patents-in-Suit ..................... 4

        B.      LGIT USA Does Not Have Any Ties To Either The State Of Texas Or
                The Eastern District Of Texas Under Which This Court Could Exert
                Personal Jurisdiction .......................................................................................... 4

III.    LG INNOTEK USA SHOULD BE DISMISSED FROM THIS LITIGATION
        BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER IT
        AND BECAUSE VENUE IS IMPROPER ........................................................... 6

        A.      Because LG Innotek USA Has Never Made, Used, Offered To Sell, Sold
                or Imported The Accused Product There Is No Legal Theory Under Which
                This Court Can Exercise Personal Jurisdiction Over LGIT USA ......................... 6

                1.      Because LGIT USA Has No Contacts With The Eastern District Of
                        Texas This Court Cannot Properly Exert Personal Jurisdiction
                        Over LGIT USA Under Any Recognized Legal Theory ........................... 8

                        a.      There is No Basis for the Exercise of General Jurisdiction
                                By This Court Over LG Innotek USA ........................................... 9

                        b.      There is No Basis for the Exercise of Specific Jurisdiction
                                by This Court Over LGIT USA ................................................... 11

                                (1)     Nidec Failed to Proffer any Evidence that LGIT
                                        USA Purposefully Directed Its Activities to the
                                        Eastern District Of Texas ................................................ 12

                                (2)     Nidec Improperly Alleged LG Innotek USA's
                                        Products Infringe the Patents in Suit Because Those
                                        Products Are Not Even Closely Related
                                        Technologies ................................................................... 12

                                (3)     Any Exercise of Personal Jurisdiction by This Court
                                        Over LG Innotek USA Would Offend Traditional
                                        Notions of Fair Play ........................................................ 12

                        c.      There is No Basis For Exercising Jurisdiction Over LGIT
                                USA Under a Stream Of Commerce Theory ................................ 16

                                (1)     LG Innotek USA has No Minimum Contacts With
                                        the Eastern District of Texas Under a Stream of
                                        Commerce Theory Because LG Innotek USA Does
                                        Not Make the Product Accused of Infringement ............. 17

# TABLE OF CONTENTS

(continued)

Page

(2)    Any Exercise of Personal Jurisdiction Over LGIT USA by this Court Would Offend Traditional Notions of Fair Play and Substantial Justice ................... 23

B.    Venue In The Eastern District Of Texas Is Improper Because LGIT USA Has Absolutely No Contacts With This Judicial District ..................................... 25

1.    Because Venue For LGIT USA Only Exists Where There Is Personal Jurisdiction, And Because There Is No Personal Jurisdiction In The Eastern District Of Texas, This Court Should Dismiss Nidec's Complaint .................................................................. 25

2.    Venue Is Improper In The Eastern District Of Texas ............................. 26

a.    Venue Is Improper Under 28 U.S.C. § 1400(b) ........................... 26

(1)    LGIT USA Does Not Reside In The Eastern District Of Texas ............................................................................ 26

(2)    LGIT USA Does Not Have a Regular and Established Place of Business in the Eastern District of Texas, Nor Has It Committed Acts Of Infringement in This District .......................................... 27

b.    LGIT USA Does Not Reside In the Eastern District Of Texas and Therefore Venue is Improper Under 28 U.S.C. § 1391(c) ...................................................................................... 27

3.    Nidec's Other Alleged Bases For Venue Also Fail ............................... 28

IV.    CONCLUSION ............................................................................................................ 29

DC:50566120.1

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Adell Corp. v. Elco Textron, Inc.,*
  51 F. Supp. 2d 752 (E.D. Tex. 1999) .......................................................................17, 18, 20

*Advanced Biological Labs., SA v. Ameripath, Inc.*
  2008 WL 1757819 ........................................................................................................6

*Alpine View Co. Ltd. v. Atlas Copco AB,*
  205 F.3d 208 (5th Cir. 2000) ......................................................................................7, 11

*Asahi Metal Indus. Co. v. Superior Court,*
  480 U.S. 102 (1987).......................................................................................................17

*Beverly Hills Fan Co. v. Royal Sovereign Corp.,*
  21 F.3d 1558 (Fed. Cir. 1994)................................................................................18, 24, 25

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462 (1985)....................................................................................................8, 11

*Consumer Prods. Research & Design, Inc. v. Jensen,*
  2007 WL 765237 (W.D. Wis. March 9, 2007) ........................................................................15

*Diebold Election Sys., Inc. v. AI Technology, Inc.,*
  2008 WL 2521862 (E.D. Texas June 26, 2008) .............................................................10, 11

*DSU Med. Corp. v. JMS Co.,*
  471 F.3d 1293 (Fed. Cir. 2006)............................................................................................23

*Health Discovery Corp. v. Ciphergen Biosystems, Inc.,*
  2007 WL 128283 (E.D. Tex. Jan. 11, 2007)..........................................................................27

*Helicopteros Nacionales de Columbia, S.A. v. Hall,*
  466 U.S. 408 (1994)..........................................................................................................8

*HollyAnne Corp. v. TFT, Inc.,*
  199 F.3d 1304 (Fed. Cir. 1999)...................................................................................11, 14, 15

*Insituform Tech. v. Cat Contr. Inc.,*
  161 F. 3d 688 (Fed. Cir. 1998)............................................................................................23

*International Shoe Co. v. Washington,*
  326 U.S. 310 (1945).................................................................................................6, 7, 15, 23

DC:50566120.1

*Jones v. Petty-Ray Geophysical Geosource, Inc.*,
   954 F.2d 1061 (5th Cir. 1992) ...................................................................................9

*LSI Indus. Inc. v. Hubbell Lighting, Inc.*
   232 F.3d 1369 (Fed. Cir. 2000) ...............................................................................6, 8

*Marshall Packaging Co., LLC v. Nestle Waters North America, Inc.*
   WL 871015 (E.D. Tex.) .................................................................................... passim

*Preemption Devices, Inc. v. Minnesota Min. & Mfg. Co.*,
   803 F.2d 1170 (Fed. Cir. 1986)..................................................................................23

*QR Spex, Inc. v. Motorola, Inc.*,
   507 F. Supp. 2d 650 (E.D. Tex. 2007)........................................................................18

*Reynolds v. Reynolds Holdings, Inc. et. al. v. Data Supplies, Inc.*,
   301 F. Supp. 2d 545 (E.D. Va. 2004) ..........................................................................9

*Silent Drive, Inc. v. Strong Indus., Inc.*,
   326 F.3d 1194 (Fed. Cir. 2003)....................................................................................6

*Sorkin v. Dayton Superior Corp.*,
   2006 WL 2141255 (S.D. Tex. July 26, 2006)....................................................7, 21, 22

*3D Sys., Inc. v. Aarotech Labs., Inc.*
   160 F.3d 1373 (Fed. Cir. 1998)....................................................................................6

*Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*,
   395 F.3d 1275 (Fed. Cir. 2005).............................................................................7, 26

*Viam Corp. v. Iowa Export-Import Trading Co.*,
   84 F.3d 424 (Fed Cir. 1996)...........................................................................8, 16, 24

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980).....................................................................................................17

*Wyatt v. Kaplan*,
   686 F.2d 276 (5th Cir. 1982) .................................................................................7, 8

### STATUTES

28 U.S.C. § 1391(b) ...........................................................................................................30

28 U.S.C. § 1391(c) .............................................................................................28, 29, 30

28 U.S.C. § 1391(d) ...........................................................................................................30

DC:50566120.1

28 U.S.C. § 1400(b) .................................................................................................27, 28

28 U.S.C. § 1406(a) ........................................................................................................26

35 U.S.C. § 271(a) ..........................................................................................................22

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(2)...........................................................................................1, 3, 6, 30

Fed. R. Civ. P. 12(b)(3)............................................................................................1, 3, 30

DC:50566120.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **NIDEC CORPORATION,** | |
| **Plaintiff** | |
| **vs.** | **NO.   6:07cv108-LED** |
| **LG INNOTEK CO., LTD.,** | **JURY DEMANDED** |
| **LG INNOTEK HUIZHOU, INC., and** | |
| **LG INNOTEK U.S.A., INC.** | |
| **Defendants.** | |

**DEFENDANT LG INNOTEK USA'S MOTION TO DISMISS PLAINTIFF NIDEC
CORPORATION'S COMPLAINT AGAINST IT ON THE BASIS OF
LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

Defendant LG Innotek U.S.A., Inc., by and through its undersigned counsel, hereby
moves to dismiss Plaintiff Nidec Corporation's Complaint against it on the basis of lack of
personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and improper venue under Fed. R. Civ. P.
12(b)(3).

## I.     INTRODUCTION

On March 6, 2007, Nidec Corporation ("Nidec") filed suit against LG Innotek Co., Ltd.
("LGIT") and LG Innotek Huizhou, Inc. ("LGIT Huizhou") (collectively "Defendants"), in this
division of the Eastern District of Texas.  (D.I. 1.)  In its complaint, Nidec alleged certain of
Defendants' products infringed Nidec's U.S. Patent No. 6,242,830 ("the '830 patent").  The
products that Nidec accused of infringing the '830 patent are known as spindle motors, which are
commonly found in CD drives and DVD drives.  Such spindle motors typically contain a
"turntable" portion upon which the CD or DVD disc rests.  The spindle motor portion of the CD

drive or DVD drive is what turns or spins the turntable portion, thereby turning or spinning the CD or DVD discs that rest upon the turntable.

Defendants LGIT and LGIT Huizhou answered Nidec's complaint on March 25, 2008, and, *inter alia*, denied infringement of the '830 patent. (D.I. 19.)  On June 27, 2008, Nidec amended its complaint pursuant to this Court's Docket Control Order.  In its First Amended Complaint, Nidec: i) reiterated its original allegations; ii) added allegations that LGIT and LGIT Huizhou also infringed Nidec's U.S. Patent No. 6,005,311 ("the '311 patent"); and (iii) added LG Innotek U.S.A., Inc. ("LGIT USA") as a third defendant.  (D.I. 35.)   Moreover, Nidec alleged in its First Amended Complaint that LGIT USA infringed both the '830 patent and the '311 patent (hereinafter referred to collectively as either "the patents-in-suit" or "the Nidec spindle motor patents").  Like the '830 patent, the '311 patent also pertains to just spindle motor technology.

Nidec's complaint against LGIT USA is defective because: i) this Court lacks personal jurisdiction over LGIT USA; and ii) venue is improper.  Taking each defect in turn, and as discussed in greater detail below, this Court lacks personal jurisdiction as it pertains to LGIT USA because not only does LGIT USA lack minimum contacts with the State of Texas as a whole and this judicial district in particular, but exercising personal jurisdiction would offend traditional notions of fair play and substantial justice.  For example, LGIT USA does not have a regular place of business anywhere in Texas.  LGIT USA does not own or operate any offices or facilities, nor does it have any employees, management or agents anywhere in Texas.  LGIT USA does not have any customers in, nor has it shipped any products into, the Eastern District of Texas.  LGIT USA does not manufacture or use any products in Texas.  Furthermore, LGIT USA does not advertise, attend trade shows, or even possess a bank account in Texas.

DC:50566120.1

The other reason this Court should find a lack of minimum contacts between LGIT USA and this judicial district is because LGIT USA does not make, use, offer to sell, sell or import: i) components of spindle motors; ii) entire spindle motors; or iii) products that contain a spindle motor. Accordingly, there can be no infringement of Nidec's spindle motor patents by LGIT USA. Thus, this Court does not possess personal jurisdiction over at least LGIT USA because LGIT USA is not committing any acts in this judicial district that result in injury to Nidec. In fact, the only products sold by LGIT USA are: i) analog and digital tuners (which are incorporated into televisions and are used to "tune in" a particular TV station); and ii) modulators (which are incorporated into satellite television receivers to also "tune in" a particular station). Importantly, neither the LGIT USA tuners nor the LGIT USA modulators contain or employ spindle motors. Accordingly, LGIT USA respectfully requests that all claims against it be dismissed under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

The second defect in Nidec's First Amended Complaint against LGIT USA is that venue is improper in this District. As discussed above, LGIT USA is not subject to personal jurisdiction in the Eastern District of Texas, nor does LGIT USA have a corporate presence of Texas. Although LGIT USA has a single customer in Texas, those business dealings are limited to the Southern District of Texas. Because each federal district must be treated as if it were its own state for purposes of evaluating proper venue, venue in the Eastern District of Texas as it pertains to LGIT USA is improper. Accordingly, LGIT USA respectfully requests that all claims against it be dismissed under Fed. R. Civ. P. 12(b)(3) for improper venue.

DC:50566120.1

## II.      STATEMENT OF FACTS

### A.      LGIT USA Does Not Make, Use, Offer For Sale, Sell or Import The Products That Plaintiff Nidec Asserts Infringe The Patents-in-Suit

Defendant LGIT USA is a United States-based corporation organized under the laws of the State of California, with its principal place of business in San Diego, California.  (Kim Declaration (attached as Exhibit 1) at ¶ 3.)  LGIT USA sells only two products: i) tuners; and ii) modulators.  The tuners that LGIT USA sells are electronic devices that are used in televisions to tune or select a channel to be viewed on the television screen.  The modulators that LGIT USA sells are electronic devices that are incorporated into satellite television receivers, and are used to tune or select a channel to be viewed  by the user on their television.  (Kim Declaration at ¶ 17.)

By contrast, the patents-in-suit pertain to spindle motors.  Spindle motors, which are commonly found in CD drives and DVD drives, typically contain a "turntable" portion upon which the CD or DVD disc rests.  The spindle motor portion of the CD drive or DVD drive is what turns or spins the turntable portion, thereby turning or spinning the CD or DVD disc that rests upon the turntable.  Neither the tuners sold by LGIT USA, nor the modulators sold by LGIT USA, contain a spindle motor.  (Kim Declaration at 19.)  LGIT USA does not make or sell any other products; and more specifically, LGIT USA does not make, use, sell, offer to sell or import: i) components of spindle motors; ii) entire spindle motors; or iii) products containing spindle motors.  (Kim Declaration at ¶ 20.)

### B.      LGIT USA Does Not Have Any Ties To Either The State Of Texas Or  The Eastern District Of Texas Under Which This Court Could Exert Personal Jurisdiction

LGIT USA does not have any ties to the state of Texas, nor does LGIT USA have any ties to the Eastern District of Texas, upon which this Court could justifiably rely to support exerting personal jurisdiction over LGIT USA.  LGIT USA has only one corporate office in the

DC:50566120.1

entire United States, and it is located in San Diego, California.   (Kim Declaration at ¶¶ 3-5.) LGIT USA has only two branch offices, one of which are located in California, with the other located in Chicago, Illinois.  (Kim Declaration at ¶ 6.)

LGIT USA does not have any offices, employees, agents, mailboxes, telephone number, subsidiaries or affiliates, or other representatives in either the Eastern District of Texas, or the State of Texas.  (Kim Declaration at ¶¶ 8-12.)  LGIT USA does not now, nor has it ever owned, used or possessed any real property situated in either the Eastern District of Texas or the State of Texas. (Kim Declaration at ¶ 15.) LGIT USA has not now, nor has it ever, acquired possession of or control over any asset or thing of value in either the Eastern District of Texas, or the State of Texas.  (Kim Declaration  at ¶ 16.)

LGIT USA does have one customer in the state of Texas, but that customer is not located in the Eastern District of Texas.   Instead that sole customer is located in Pharr, Texas (Kim Declaration at ¶ 18), which lies in the Southern District of Texas.   No LGIT USA employees reside in Texas to support its customer located in Pharr, Texas.  (Kim Declaration at ¶ 18.)

LGIT USA does not advertise or promote its products in either the Eastern District of Texas, or the State of Texas.  (Kim Declaration at ¶ 37.)  LGIT USA does not manufacture any products or provide services in either the Eastern District of Texas, or the State of Texas.  (Kim Declaration at ¶¶ 26-28, 35.)  LGIT USA does not have a bank account in either the Eastern District of Texas, or the State of Texas.  (Kim Declaration at ¶ 13.)  LGIT USA does not pay any taxes in either the Eastern District of Texas, or the State of Texas. (Kim Declaration at ¶ 14.)

DC:50566120.1

## III. LG INNOTEK USA SHOULD BE DISMISSED FROM THIS LITIGATION BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER IT AND BECAUSE VENUE IS IMPROPER

### A. Because LG Innotek USA Has Never Made, Used, Offered To Sell, Sold or Imported The Accused Product There Is No Legal Theory Under Which This Court Can Exercise Personal Jurisdiction Over LGIT USA

"Rule 12(b)(2) allows a court to dismiss a case where the court does not have personal jurisdiction over the defendant." *Advanced Biological Labs., SA v. Ameripath, Inc.*, CA No. 2:07 CV 31, 2008 WL 1757819, at(E.D. Tex. Apr. 14, 2008).  As this Court recognized in *Marshall Packaging*, this Court can exercise personal jurisdiction over an out-of-state Defendant, like LGIT USA, only if the forum state's long-arm statute permits jurisdiction without violating federal due process as set forth in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945). *Marshall Packaging Co., LLC v. Nestle Waters North America, Inc.*, CA No. 6:05CV295 2006 WL 871015, *1 (E.D. Tex.) (J. Davis presiding). See also *LSI Indus. Inc. v. Hubbell Lighting, Inc.,* 232 F.3d 1369, 1371 (Fed. Cir. 2000); and *3D Sys., Inc. v. Aarotech Labs., Inc.,* 160 F.3d 1373, 1376-77 (Fed. Cir. 1998).  As this Court noted in *Marshall Packaging*, although federal courts hearing patent cases defer to the forum state's interpretation of its long-arm statute, Federal Circuit law controls whether the exercise of personal jurisdiction comports with federal due process.  2006 WL 871015, *1 (relying on *3D Sys.,* 160 F.3d at 1377).[1]

Because the long-arm statute for the state of Texas "reaches 'as far as the federal constitutional requirements of due process will allow . . . the analysis of Texas's long-arm statute collapses into the federal due-process inquiry.  Due process requires an out-of-state defendant to

---

[1]    "Because personal jurisdiction in a patent case is intimately related to patent law, Federal Circuit law governs the issue" of whether this Court can exercise person jurisdiction over LGIT USA.  *Marshal Packaging*, 2006 WL 871015, *1 (relying on *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003)).

DC:50566120.1

have <u>minimum contacts</u> with the forum such that maintaining the suit does not offend <u>traditional</u> <u>notions of fair play and substantial justice</u>." *Marshall Packaging*, 2006 WL 871015, *1 (relying on *Int'l Shoe,* 326 U.S. at 316) (internal citations omitted) (emphasis added); see also *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005) (holding "[t]he determination whether a district court has personal jurisdiction over defendant in a patent infringement litigation generally involves two inquiries: i) Does jurisdiction exist under the state's long-arm statute; and ii) if jurisdiction does exist, would the court's exercise of that jurisdiction be consistent with the limitations of the due process clause.").

Because LGIT USA is challenging Nidec's invocation of this Court's power to assert personal jurisdiction over LGIT USA, Nidec bears the burden of proving that jurisdiction exists. *Sorkin v. Dayton Superior Corp.*, CA No. H-06-1318, 2006 WL 2141255 (S.D. Tex. July 26, 2006) (relying on *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)).  As this Court explained in *Marshall Packaging*, "[f]or purposes of determining jurisdiction, when a plaintiff's factual allegations are not directly controverted by the defendant they are taken as true.  *See id.* at 1563. As in this case, when a court does not hold an evidentiary hearing, the party seeking jurisdiction must make out a prima facie case supporting jurisdiction.  *Alpine View Co. Ltd. v. Atlas Copco AB,* 205 F.3d 208, 215 (5th Cir. 2000).  The Court will accept as true the party seeking jurisdiction's uncontroverted allegations, and resolve in its favor, all conflicts between the <u>facts contained in the parties' affidavits</u> and other documentation.  *Id.*"   2006 WL 871015 *3 and n.2 (justifying reliance on Texas law when deciding how a district court should proceed when the factual allegations of the party seeking jurisdiction are controverted) (emphasis added).

As this Court is aware, the parties never conducted an evidentiary hearing in this matter. Thus, because LGIT USA will not only directly controvert every allegation previously made by

DC:50566120.1

Nidec in its Complaint or that Nidec will make in its opposition brief, and because Nidec will be unable to controvert LGIT USA's statements of fact made in support of this Motion To Dismiss, this Court should decline to exercise jurisdiction over LGIT USA and dismiss Nidec's Complaint as to LGIT USA.

1.    **Because LGIT USA Has No Contacts With The Eastern District Of Texas This Court Cannot Properly Exert Personal Jurisdiction Over LGIT USA Under Any Recognized Legal Theory**

As the Federal Circuit recognized in *Viam Corp. v. Iowa Export-Import Trading Co.*, courts employ different methods when describing whether a defendant has established sufficient contacts with a forum so as to justify asserting jurisdiction over the defendant. 84 F.3d 424, 427 (Fed Cir. 1996). For example, some courts analyze minimum contacts in terms of either: i) general jurisdiction; or ii) specific jurisdiction. See *id.* A district court possesses general jurisdiction over the defendant when the cause of action does not arise from or relate to the defendant's contacts with the forum, but the defendant maintains continuous and systematic contacts with the forum state to confer jurisdiction. *LSI Indus. Inc.*, 232 F.3d at 1375. See also *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1994) (holding general jurisdiction may be exercised when the plaintiff can establish that the defendant maintained "continuous and systematic" business contacts in the forum state at the time of injury). By comparison, a district court possesses specific jurisdiction over the defendant when the litigation arises out of the defendant's minimum contacts with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). See also *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1994) (finding specific jurisdiction exists only "when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.")

DC:50566120.1

a.      **There is No Basis for the Exercise of General Jurisdiction By**
**This Court Over LG Innotek USA**

In its complaint Nidec never alleged that LGIT USA engaged in "continuous and systematic" contacts with the Eastern District of Texas necessary to establish general jurisdiction.  Just as important, the applicable facts do not permit Nidec to make such an allegation.  "The minimum contacts inquiry is broader and more demanding when general jurisdiction is alleged, requiring a showing of <u>substantial</u> activities in the forum state." *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992) (emphasis added). Recognizing the steep standard for proving general jurisdiction, one district court recently explained in a patent case that

> it is clear from the relative scarcity of cases permitting the assertion of general personal jurisdiction over a nonresident corporation that the standard for imposing general jurisdiction is high.

*Reynolds v. Reynolds Holdings, Inc. et. al. v. Data Supplies, Inc.*, 301 F. Supp. 2d 545, 550 (E.D. Va. 2004).  In *Reynolds*, the Court found general jurisdiction did not exist over the defendant that was registered to do business in the forum state, made very little of its sales in the forum state, and had continuing relationships with dealerships in the forum state.  *Id*. at 552.  LGIT USA's contacts with the Eastern District of Texas are even more insignificant than those held insufficient to support personal jurisdiction over the defendant in *Reynolds*.

Specifically, LGIT USA has no employees, no offices, no sales agents, or other representatives in either the Eastern District of Texas, or the State of Texas. (Kim Declaration at ¶¶ 8-12.)  LGIT USA has never shipped: i) components of spindle motors; ii) entire spindle motors; or iii) products containing spindle motors into either the Eastern District of Texas, or the State of Texas.  (Kim Declaration at ¶¶ 20, 31.)  In fact, LGIT USA does not directly, nor does it encourage others, to make, use, offer for sale, sell or import: i) components or spindle motors; ii)

DC:50566120.1

entire spindle motors; or iii) products containing spindle motors.  (Kim Declaration at ¶ 23.)

LGIT USA does not sell any products over a website accessible to residents of either the Eastern District of Texas, or the State of Texas.  In fact, LGIT USA does not own or operate any website at all.  (Kim Declaration at ¶ 40.)  In addition, LGIT USA does not and has never: i) advertised its tuners and modulators in either the Eastern District of Texas, or the State of Texas; ii) attended trade shows in either the Eastern District of Texas, or the State of Texas; iii) maintained a bank account in either the Eastern District of Texas, or the State of Texas; or iv) ever paid taxes in either the Eastern District of Texas, or the State of Texas   (Kim Declaration at ¶¶ 24, 39, 13-14, respectively.)

Nidec's complaint lacks any allegations that LGIT USA has had <u>continuous and systematic contacts</u> with either the Eastern District of Texas, or the State of Texas, as is required for this Court to exercise general jurisdiction over LGIT USA.  Instead, Nidec's complaint makes simple and unsupported allegations that only qualify as either an assertion of: (i) specific jurisdiction because it alleges that LGIT USA's acts are what give rise to this action: "This Court has personal jurisdiction over Defendants in that each of them <u>has committed acts</u> within Texas and this judicial district <u>giving rise to this action</u> . . . ."; or (ii) stream of commerce theory of jurisdiction because it alleges in relevant part that "Defendants purposefully ship the accused product and promote sales through their distribution channels . . . ."  (D.I. 35, at ¶ 6.)  Thus, the allegations do not qualify as pleading general jurisdiction.

LGIT USA's lack of contacts with both the Eastern District of Texas and the State of Texas are very similar to those in which this Court refused to rely on a theory of general jurisdiction.  *See Diebold Election Sys., Inc. v. AI Technology, Inc.*, CV No. 4:07-cv-336, 2008 WL 2521862 (E.D. Texas June 26, 2008).  In *Diebold Election*, this Court found that even

DC:50566120.1

though the defendants may have shipped accused products into Texas, general jurisdiction did not exist over those defendants, because those defendants never paid taxes in Texas, did not own or lease offices in Texas, had no personnel in Texas, had no bank accounts in Texas, and never advertised in Texas.  2008 WL 2521862 at *7.  Based on these facts, there is even less reason for this Court to rely on a general jurisdiction theory because, like the defendants in *Diebold Election*, LGIT USA never paid taxes in Texas, does not own or lease offices in Texas, has no personnel in Texas, has no bank accounts in Texas, and has never advertised in Texas. (Kim Declaration at ¶¶ 14, 9, 15, 4-6, respectively.) But more importantly, the defendants in *Diebold Elections* actually shipped the accused products into Texas; something LGIT USA has never done. (Kim Declaration at ¶¶ 20, 31)

Thus, because Nidec cannot contradict the facts set forth above and because Nidec never pled general jurisdiction, this Court should refuse to exert personal jurisdiction over LGIT USA under a general jurisdiction theory of law.  See *Alpine View,* 205 F.3d at 215; and *Marshall Packaging*, 2006 WL 871015 at *3.

b.      **There is No Basis for the Exercise of Specific Jurisdiction by This Court Over LGIT USA**

Before a district court can exercise specific jurisdiction over a potential defendant, the Federal Circuit requires that the plaintiff prove to the district court that: 1) the defendant purposefully directed its activities at the residents of the forum; 2) the claim alleged by the plaintiff arises out of or is related to the defendant's activities; and 3) the assertion of personal jurisdiction is reasonable and fair.  *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307-08 (Fed. Cir. 1999) (affirming a district court's refusal to find specific jurisdiction because no infringement occurred in that judicial district).

DC:50566120.1

(1)     **Nidec Failed to Proffer any Evidence that LGIT USA Purposefully Directed Its Activities to the Eastern District Of Texas**

Applying the facts of this case as they concern LGIT USA to the Federal Circuit's *Hollyanne* specific jurisdiction test, this Court has no basis to exercise specific jurisdiction over LGIT USA.  Taking each prong of the *Hollyanne* test in turn, the first reason this Court cannot exert personal jurisdiction over LGIT USA is because LGIT USA never purposefully directed its activities at the residents of this forum.  As discussed herein, LGIT USA has no business operations, employees, agents nor any other presence in either the Eastern District of Texas, or the State of Texas.  (Kim Declaration at ¶¶ 8-14.)  Moreover, LGIT USA has never directed its advertising or promoted its products in either the Eastern District of Texas, or the State of Texas. (Kim Declaration at ¶ 39.)  Moreover, LGIT USA has never advertised or listed its products on a website directed to either the residents of the Eastern District of Texas, or the residents of the State of Texas, because LGIT USA has no website.  (Kim Declaration at ¶ 40.)  Furthermore, LGIT USA has never had any customers in the Eastern District of Texas, and has never sold or shipped a single product, accused or otherwise, into the Eastern District of Texas.  (Kim Declaration at ¶ 27.)  Because Nidec will not be able to contradict these statements of fact, and thus there will be no evidence showing LGIT USA directed its activities to the Eastern District of Texas, Nidec cannot satisfy the first prong of the Federal Circuit's *Hollyanne* specific jurisdiction test.

(2)     **Nidec Improperly Alleged LG Innotek USA's Products Infringe the Patents in Suit Because Those Products Are Not Even Closely Related Technologies**

Nidec cannot satisfy its burden of proving the second prong of the *Holyanne* test, which requires that the claim alleged by the plaintiff arise out of or be related to the defendant's activities, because LGIT USA's activities in the State of Texas have nothing to do with spindle

motors.  As discussed herein, LGIT USA sells tuners and modulators, which do not employ or

contain spindle motors.  (Kim Declaration at ¶¶ 17, 19.)  By contrast, spindle motors are the

subject of not only the patents-in-suit, but are the subject of both Nidec's jurisdictional and

infringement allegations.  Specifically, Nidec's jurisdictional allegation states in whole that

> This Court has personal jurisdiction over Defendants in that each of them has
> committed acts within Texas and this judicial district giving rise to this action
> and each of Defendants has established minimum contacts with the forum
> such that the exercise of jurisdiction over each of Defendants would not
> offend traditional notions of fair play and substantial justice.  Personal
> jurisdiction exists **specifically** over Defendants because, **on information and
> belief**, Defendants purposely ship **the accused product** and promote sales
> through their distribution channels, and serve directly or indirectly the market
> for the accused product, within the State of Texas and within the Eastern
> District of Texas.

(D.I. 35, at ¶ 6.) (Emphasis added.)

In the "specific jurisdiction" allegation,  Nidec states that LGIT USA allegedly ships the

"accused products" into this judicial district.  Nidec clarifies what those "accused products" are

in Counts I and II of the Complaint.  Specifically, Nidec alleged in Paragraph 10 of the First

Amended Complaint that "**on information and belief**, Defendants have infringed and have

continued to infringe the '830 Patent.  The infringing activities include, but are not limited to, the

manufacture, use, sale, importation, and/or offer for sale, without authority, of products that fall

within the scope of the claims of the '830 Patent, including but not limited to, Defendants'

**motors** identified as MSDH-C007F, MSDH-D011A, MSDM-R014B, MSDH-R017A, MSDH-

R022A.  MSDM-W009A, and MSDM-W012A."  (D.I. 35, at ¶ 10.) (emphasis added).  Nidec

made similar allegations in regard to the '311 patent in Paragraph 17 of the First Amended

Complaint.

The facts here are no different than the facts in *Hollyanne*.  There, the plaintiff's "cause

of action is the alleged infringement of its patents."  199 F.3d at 1308.  Here, Nidec alleged that

DC:50566120.1

the acts LGIT USA has committed "within Texas and this judicial district giving rise to this action" are the "manufacture, use, sale, importation, and/or offer for sale, without authority, of" certain spindle motor products.   In other words, the infringement of Nidec's spindle motor patents.  Nidec also alleged in Paragraphs 11 and 18 that LGIT USA induced and/or contributed to the infringement of the Patents-in-Suit.

But if Nidec had properly investigated the basis for its allegations, rather than adding LGIT USA to this litigation on the basis of **information and belief**, which in this instance amounts to no more than unsupportable assertions, Nidec would have learned that LGIT USA has never infringed its patents-in-suit because LGIT USA has never made, used, offered for sale, sold or imported: i) components of spindle motors; ii) entire spindle motors; or iii) products containing spindle motors.  (Kim Declaration at ¶ 20.)  Instead, LGIT USA only sells tuners and modulators (Kim Declaration at ¶17), which are not the basis of Nidec's infringement claims. (See Nidec's First Amended Complaint, D.I. 35, at ¶¶ 7, 10-11 and 17-18.)  Had Nidec simply made a few simple inquiries about LGIT USA's product line, Nidec would have learned that LGIT USA does not carry out the alleged accused acts.

Not surprisingly, the Federal Circuit took the plaintiff in *Hollyanne* to task for making "nothing but conclusory declarations that sale activities occurred in [the forum at issue].  For example, the affidavit recites, without support, that [defendant] has 'sold products in [the forum] that allegedly infringe' and '**[o]n information and belief**, [defendant] has distributed products in [the forum] that allegedly infringe."  199 F.3d at 1309 (emphasis added).  The Federal Circuit then concluded that because no infringing act had occurred, the accused act relied on by the plaintiff for personal jurisdiction did not "give rise" to a cause of action for infringement; and thus the plaintiff failed to satisfy the second prong of the *Hollyanne* personal jurisdiction test.

DC:50566120.1

*Hollyanne*, 199 F.3d at 1310 (affirming the district court's dismissal of an infringement litigation for lack of personal jurisdiction).

(3)    **Any Exercise of Personal Jurisdiction by This Court Over LG Innotek USA Would Offend Traditional Notions of Fair Play**

Nidec cannot satisfy the third prong of the Federal Circuit's *Hollyanne* test, which requires that this Court's assertion of personal jurisdiction be reasonable and fair, because an exercise of personal jurisdiction over LGIT USA in the Eastern District of Texas would "offend traditional notions of fair play," and thus would violate the Due Process Clause. *See Int'l Shoe*, 326 U.S. at 316. As other courts have recognized, the most important factors to consider under this standard are the "(1) interests of the state involved; and (2) the relative convenience of litigating in that forum." *Consumer Prods. Research & Design, Inc. v. Jensen*, No. 06-C-625-S, 2007 WL 765237, *5 (W.D. Wis. March 9, 2007). Here, the Eastern District of Texas has no interest in this litigation as it pertains to LGIT USA. Neither Nidec nor LGIT USA are from this District, let alone the State of Texas. (See Nidec's First Amended Complaint, D.I. 35, at ¶ 1; and Kim Declaration at ¶ 3, respectively.) And, as discussed extensively herein, LGIT USA has no connections whatsoever to this District (Kim Declaration at ¶¶ 8-14, 26-30), and the tuners and modulators that LGIT USA sells are in no way covered by Nidec's spindle motor patents.

Furthermore, this forum is not convenient to either party. LGIT USA is a California based company with no offices, employees or agents in either the Eastern District of Texas, or the State of Texas. (Kim Declaration at ¶¶ 3-6, 8-12.) The inventors of Nidec's spindle patents reside in Japan (see the face of each of the Nidec spindle motor patents), and not in either the Eastern District of Texas, or the State of Texas. Moreover, because Nidec is a Japanese company, and LGIT USA is a resident of California, they lack any presence in the States of Texas.

   c.      **There is No Basis For Exercising Jurisdiction Over LGIT USA Under a Stream Of Commerce Theory**

In *Marshall Packaging*, this Court recognized that "[i]n some cases the distinction between specific and general jurisdiction is not analytically helpful in determining if the defendant has sufficient contacts with the forum."  2006 WL 871015 at *2 (relying on *Viam*, 84 F.3d at 427).  This Court went on to recognize that, in situations where the plaintiff alleges that the defendant's contacts with the court forum at issue are the result of that defendant employing an established "distribution network for the sale of its products in Texas, courts apply what is generally referred to as the 'stream of commerce' theory to analyze minimum contacts." *Marshall Packaging*, 206 WL 871015 at *2 (relying on *Viam*, 84 F.3d at 427).  In the alternative Plaintiff Nidec alleged that "[p]ersonal jurisdiction exists specifically over Defendants because, on information and belief, Defendants purposely ship the accused product and promote sales **through their distribution channels**, and serve directly or indirectly the market for the accused product, within the State of Texas and within the Eastern District of Texas."  (Nidec Complaint, D.I. 35, at ¶ 6.) (Emphasis added.)

Thus, in performing its federal due process inquiry, this Court must evaluate whether Nidec can prove that Defendant LGIT USA has minimum contacts with the forum under a stream of commerce theory, such that maintaining the suit against LGIT USA does not offend traditional notions of fair play and substantial justice.  See *Marshall Packaging*, 2006 WL 871015 at *1.   For the reasons explained below, Nidec cannot do so. In fact, this Court has declined to exercise personal jurisdiction over a defendant under the stream of commerce theory under exactly the same facts as here — where no accused products ever reached the forum either directly or through an established distribution channel.  *Adell Corp. v. Elco Textron, Inc.,* 51 F. Supp. 2d 752, 755 (E.D. Tex. 1999).

(1)     **LG Innotek USA has No Minimum Contacts With the Eastern District of Texas Under a Stream of Commerce Theory Because LG Innotek USA Does Not Make the Product Accused of Infringement**

In evaluating the application of the stream of commerce theory, this Court began its analysis with a review of relevant Supreme Court decisions. "In reference to the stream of commerce theory, the Supreme Court stated, 'The forum does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state.' *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297-98 (1980))." *Marshall Packaging*, 2006 WL 871015 at *2. This Court then reviewed the Supreme Court's decision in *Asahi Metal Indus. Co. v. Superior Court,* and found "the Supreme Court reiterated that the stream of commerce theory provides a valid basis for finding minimum contacts. *See* 480 U.S. 102, 112 (1987). However, the Court split as to the exact requirements of applying the theory. *See id.* at 112, 117." *Marshall Packaging*, 2006 WL 871015 at *2. Specifically, this Court noted that in *Asahi Metal* four Supreme Court Justices "adopted the view that a defendant must both place a product in the stream of commerce and take some action to purposefully direct that product toward the forum state. *See id.* at 112. The other four Justices adopted the view that a showing of additional action aside from placing the product in the stream of commerce was not necessary. *See id.* at 117." *Marshall Packaging*, 2006 WL 871015 at *2. This Court then concluded its stream of commerce analysis by evaluating the Federal Circuit's decision to exert personal jurisdiction over an out-of-state defendant in *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994).

Based on the teachings of the Federal Circuit in *Beverley Hills Fan* and this Court in *Marshall Packaging,* this Court should find that Nidec cannot satisfy its jurisdictional showing.

DC:50566120.1

Specifically, through its motion to dismiss and its supporting Declaration, LGIT USA will have controverted each allegation Nidec made in its First Amended Complaint concerning jurisdiction and infringement.   Thus, because LGIT USA directly controverts each jurisdictional allegation made by Nidec in its First Amended Complaint, and because Nidec will be unable to controvert LGIT USA's facts, this Court should grant LGIT USA's motion.

Moreover, this District has specifically noted that "every controlling stream-of-commerce case that this Court is aware of involves a scenario where the accused product actually reaches the forum."   *QR Spex, Inc. v. Motorola, Inc.*, 507 F. Supp. 2d 650, 657 (E.D. Tex. 2007) (emphasis added).   Here, as in *QR Spex*, this Court lacks personal jurisdiction over LGIT USA under the stream-of-commerce theory because such a conclusion "is only appropriate where the allegedly infringing product actually reaches the forum."   507 F. Supp. 2d at 658.   As explained below, LGIT USA has never made, used, sold, offered for sale or imported: i) components for spindle motors; ii) entire spindle motors; or iii) products containing spindle motors, nor has it encouraged others to do so.   Accordingly, no allegedly infringing product made or sold by LGIT USA has ever reached this forum, and therefore this Court lacks personal jurisdiction over LGIT USA.

Beginning with Nidec's jurisdictional allegations, Nidec asserted:

> This Court has personal jurisdiction over Defendants in that each of them has committed acts within Texas and this judicial district giving rise to this action and each of Defendants has established minimum contacts with the forum such that the exercise of jurisdiction over each of Defendants would not offend traditional notions of fair play and substantial justice.   Personal jurisdiction exists specifically over Defendants because, **on information and belief**, Defendants purposely ship **the accused product** and promote sales through their distribution channels, and serve directly or indirectly the market for the accused product, within the State of Texas and within the Eastern District of Texas.

(D.I. 35, at ¶ 6.) (Emphasis added.)

DC:50566120.1

Taking each factual allegation in turn, Nidec first lumps all three Defendants together as one, and asserts "each of them has committed acts within Texas and this judicial district giving rise to this action . . . ."  As discussed in greater detail in the next subsection, and contrary to Nidec's allegation, LGIT USA has never "committed acts within Texas or this judicial district giving rise to this action" because "this action" is based on the infringement of Nidec's spindle motor patents.  LGIT USA does not now, nor has it ever made, used, offered for sale, sold or imported: i) components of spindle motors; ii) entire spindle motors; or iii) products containing spindle motors, in this judicial district, let alone in the State of Texas.  (Kim Declaration at ¶ 20.) The reason LGIT USA has never done so is because LGIT USA only makes and sells tuners and modulators, not spindle motors.  (Kim Declaration at ¶ 17.)  Moreover, the tuner and modulator products that LGIT USA sells do not contain spindle motors.  (Kim Declaration at ¶  19.)  Thus, LGIT USA could not have "committed acts within Texas and this judicial district giving rise to this action" because in order to do so LGIT USA would have had to make, use, sell, offer to sell, import, induce or contribute to the infringement of Nidec's spindle motor patents - and that cannot be accomplished with tuners and modulators.  See *Adell Corp.*, 51 F. Supp. 2d at 755.

Nidec next alleges "each of Defendants has established minimum contacts with the forum . . . ."  As discussed herein, LGIT USA does not have minimum contacts with either the State of Texas or the Eastern District of Texas because it does not have business operations, employees, agents or any other presence in either the State of Texas or the Eastern District of Texas.  (Kim Declaration at ¶¶ 3-6, 8-12.)  Moreover, LGIT USA has never directed it advertising or promoted its products in either the State of Texas or the Eastern District of Texas.  (Kim Declaration at ¶¶ 37, 39.)  Additionally, LGIT USA has never advertised or listed its products on a website directed to the residents of Texas or the residents of the Eastern District of Texas because LGIT

DC:50566120.1

USA does not have a website.  (Kim Declaration at ¶ 40.)  Furthermore, LGIT USA has never had any customers or business partners in the Eastern District of Texas, and has never sold or shipped a single product to the Eastern District of Texas.  (Kim Declaration at ¶¶ 26-30.)  Thus, per this Court's holding in *Adell Corp.*, there are no minimum contacts on which to base jurisdiction because no accused products reached the forum.  51 F. Supp. 2d at 755.

The next allegation by Nidec in its jurisdictional pleading is the assertion that "on information and belief, Defendants purposely ship the accused product and promote sales through their distribution channels, and serve directly or indirectly the market for the accused product, within the State of Texas and within the Eastern District of Texas.  Besides being an unsupported allegation because it is made "on information and belief," it is directly controverted by the facts set forth by Mr. Kim in his Declaration which can be summarized as follows: 1) LGIT USA does not make, use, offer to sell, sell, import or ship: i) components of spindle motors; ii) entire spindle motors; or iii) products containing spindle motors. (see Kim Declaration at ¶ 20); 2) LGIT USA does not ship spindle motors, or ship products containing spindle motors individually or through distribution channels (see Kim Declaration at ¶¶ 27, 31); and 3) LGIT USA does not promote sales of spindle motors or products containing spindle motors independently or through distribution channels.  (See Kim Declaration at ¶¶ 32-37 and 40.).  Thus, LGIT USA does not distribute spindle motors within the State of Texas or within the Eastern District of Texas.  Accordingly, this Court lacks personal jurisdiction over LGIT USA on a stream of commerce theory because LGIT USA did not sell an accused product to Texas directly or indirectly through an established distribution channel.  See *Sorkin v. Dayton Superior Corp.*, CA No. H-06-1318, 2006 WL 2141255, at *4 (S.D. Tex. Jul. 28, 2006).

The last set of allegations that require this Court's attention pertain to Nidec's infringement assertions. In Paragraphs 10 and 17 of the First Amended Complaint, Nidec sets forth its basis for alleging LGIT USA's direct infringement of the spindle motor patents.

> 10. **Upon information and belief**, Defendants have infringed and have continued to infringe the '830 Patent. The infringing activities include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale, without authority, of products that fall within the scope of the claims of the '830 Patent, including, , but not limited to, Defendants' motors identified as MSDH-C007F, MSDH-D011A, MSDH-R014B, MSDH-R017A, MSDH-R022A, MSDH-W009A, and MSDH-W012A.

> 17. **Upon information and belief**, Defendants have infringed and have continued to infringe the '311 Patent. The infringing activities include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale, without authority, of products that fall within the scope of the claims of the '311 Patent, including, , but not limited to, Defendants' motors identified as MSDH-C007F, MSDH-D011A, MSDH-R017A, MSDH-R022A.

(D.I. 35, at ¶¶ 10 and 17.) (Emphasis added.)

Nidec made similarly broad assertions against LGIT USA for induced infringement and contributory infringement of Nidec's spindle motor patents.

> 11. By such direct acts of infringing the '830 Patent, upon information and belief, Defendants have also induced infringement of the '830 Patent under 35 U.S.C. § 271(b), and have contributed to infringement of the '830 Patent under 35 U.S.C. § 271(c). The infringing products have no substantial non-infringing uses.

> 18. By such direct acts of infringing the '311 Patent, upon information and belief, Defendants have also induced infringement of the '311 Patent under 35 U.S.C. § 271(b), and have contributed to infringement of the '311 Patent under 35 U.S.C. § 271(c). The infringing products have no substantial non-infringing uses.

(D.I. 35, at ¶¶ 11 and 18.)

As explained in greater detail below, it is clear that each of these allegations are baseless because each allegation is: i) directly controverted herein by LGIT USA; and ii) insupportable under the law. First, LGIT USA has set forth facts by Mr. Kim that directly controvert the direct

DC:50566120.1

infringement allegations in Paragraphs 10 and 17.  Specifically, Mr. Kim stated that LGIT USA has never made, used, offered for sale, sold or imported: i) components for spindle motors; ii) entire spindle motors; or iii) products containing spindle motors. (Kim Declaration at ¶ 20.) Accordingly, there has been no direct infringement of Nidec's spindle motor patents, see 35 U.S.C. § 271(a), and thus no acts by LGIT USA giving rise to this Court's jurisdiction.  See *Sorkin*, 2006 WL 2141255 at *4.

In regard to Nidec's allegations in Paragraphs 11 and 18 that LGIT USA induced the infringement of Nidec's spindle motor patents, there are no facts upon which Nidec can support that allegation.  For example, LGIT USA has never had actual or constructive knowledge of either of Nidec's '830 patent, or Nidec's '311 patent prior to Nidec filing this litigation.  (Kim Declaration at ¶¶ 7, 22.)  Without such knowledge there cannot be a finding of induced infringement because knowledge of the patent(s)-at-issue by the alleged inducer is a crucial element of induced infringement.  See *Insituform Tech. v. Cat Contr. Inc.*, 161 F. 3d 688, 695 (Fed. Cir. 1998).  Moreover, LGIT USA has never encouraged, nor has it had an affirmative intent to encourage another party to make, use, offer to sell, sell or import spindle motors or products that contain spindle motors.   (Kim Declaration at ¶  23.)  Without such intent to encourage those acts, there is no basis for finding LGIT USA induced infringement of Nidec's spindle motor patents.  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).

In regard to Nidec's allegations in Paragraphs 11 and 18 that LGIT USA contributed to the infringement of Nidec's spindle motor patents, there are likewise no facts upon which Nidec can support that allegation.  For example, LGIT USA has never made, used, sold, offered to sell or imported components that are used in spindle motors.  (Kim Declaration at ¶  20.)  Nor did LGIT USA have any knowledge of the patents-in-suit prior to Nidec filing this action. (Kim

Declaration at ¶ 22.)  Accordingly, LGIT USA could not have contributorily infringed Nidec's spindle motor patents.  See *Preemption Devices, Inc. v. Minnesota Min. & Mfg. Co.*, 803 F.2d 1170 (Fed. Cir. 1986) (requiring that to find contributory infringement the plaintiff must show the accused contributory infringer knew that the combination for which his components were made was both patented and infringing).

(2)   **Any Exercise of Personal Jurisdiction Over LGIT USA by this Court Would Offend Traditional Notions of Fair Play and Substantial Justice**

Even if this Court were to find that LGIT USA had minimum contacts, it still needs to evaluate whether exercising personal jurisdiction over LGIT USA would offend the traditional notions of fair play and substantial justice.  See *Int'l Shoe*, 326 U.S. at 316.  As this Court noted in *Marshall Packaging*, before this Court can exercise personal jurisdiction over a party it must first balance: 1) the burden on the defendant; 2) the interests of the forum state; 3) the plaintiff's interest in obtaining relief; 4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversies; and 5) the interest of the states in furthering their social policies.  2006 WL 871015 *5 (relying on *Viam*, 84 F.3d at 429).  Furthermore, in *Marshall Packaging* this Court took note of the Federal Circuit's requirement that "cases where personal jurisdiction offends traditional notions of fair play and substantial justice 'are limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum.'"  2006 WL 871015 *5 (relying on *Beverly Hills Fan*, 21 F.3d at 1568 (citing *Burger King,* 471 U.S. at 477)).

Applying the Federal Circuit's *Viam* factors to the instant facts evidences that exercising jurisdiction over LGIT USA would offend traditional notions of fair play and substantial justice.  First, forcing LGIT USA to defend this litigation in Texas would be an unfair burden.  For

example, all of LGIT USA's corporate records are located in San Diego, California and its employees are in either California or Illinois.  (Kim Declaration at ¶¶ 3-6.)  Second, and perhaps the most obvious factor in LGIT USA's favor, is that the State of Texas has absolutely no interest in the litigation. As discussed at length herein, LGIT USA does not make, use, sell offer to sell or import: i) components of spindle motors; ii) entire spindle motors; or iii) products containing spindle motors.  (Kim Declaration at ¶ 20.)  Therefore, LGIT USA is not committing any acts of infringement (neither direct, induced or contributory) in the entire State of Texas.  As such, this case is exactly opposite the situation in *Beverly Hills Fan*, where the Federal Circuit found the Commonwealth of Virginia had an interest in exercising jurisdiction over the defendant because the accused products were actually manufactured by the defendant, and those products were actually shipped into Virginia.  See 21 F.3d at 1568.  The third *Viam* factor does not apply to LGIT USA because no relief can be obtained from LGIT USA for the simple reason that LGIT USA does not make, use, sell, offer for sale or import: i) components of spindle motors; ii) entire spindle motors; or iii) products containing spindle motors. (Kim Declaration at ¶ 20.)

Fourth, in regard to the interstate judicial system's interest in obtaining the most efficient resolution of the controversies, such efficiencies only arise if there is a controversy to resolve. Because there are no controversies between Nidec and LGIT USA once the actual facts are considered, only inefficiencies would arise if this Court allowed Nidec to pursue LGIT USA for infringement.

Fifth, the State of Texas's interest in furthering its social policies does not favor asserting jurisdiction over LGIT USA.  Although the State of Texas has a significant interest in preventing patent infringement within its borders, and protecting the patent rights of its citizens, neither of

those concerns are applicable here.  LGIT USA does not infringe the Nidec spindle motor patents because LGIT USA does not make, use, sell, offer to sell or import: i) components of spindle motors; entire spindle motors; or iii) products containing spindle motors.  (Kim Declaration at ¶ 20.)   Moreover, neither Nidec nor LGIT USA are citizens of the State of Texas. (First Amended Complaint, D.I. 35 at ¶¶ 1 and 4.)

Finally, in regard to whether the instant case qualifies as the rare case that justifies burdening LGIT USA with having to litigate the case in the Eastern District of Texas, it does not so qualify because there is simply no reason to so burden LGIT USA, as it has never infringed Nidec's spindle motor patents.

**B.      Venue In The Eastern District Of Texas Is Improper Because LGIT USA Has Absolutely No Contacts With This Judicial District**

As discussed above, LGIT USA has absolutely no contacts with the Eastern District of Texas.  As such, venue in the Eastern District of Texas is improper, and this Court should dismiss Nidec's Complaint as to LGIT USA.

**1.      Because Venue For LGIT USA Only Exists Where There Is Personal Jurisdiction, And Because There Is No Personal Jurisdiction In The Eastern District Of Texas, This Court Should Dismiss Nidec's Complaint**

Courts that have considered motions to dismiss for both lack of personal jurisdiction and improper venue have found that it need not consider venue if personal jurisdiction is found lacking.  See *Trintec Indus, Inc. v. Pedre Promotional Prods.,* 395 F. 3d 1275, 1280 (Fed. Cir. 2005) (holding  "although [defendant] moved to dismiss for lack of personal jurisdiction and improper venue, the venue point is a non-issue.  Venue in a patent action against a corporate defendant exists wherever there is personal jurisdiction.  Therefore, no separate venue inquiry is necessary.") (internal citation omitted).  Therefore, this Court can end its venue analysis here

DC:50566120.1

because, as explained above, this Court cannot properly exercise personal jurisdiction over LGIT

USA.  Even if there were personal jurisdiction, venue would still be improper, as shown below.

### 2.    Venue Is Improper In The Eastern District Of Texas

"The district court of a district in which is filed a case laying venue in the wrong division

or district shall dismiss . . ."  28 U.S.C. § 1406(a).  Because Nidec filed its First Amended

Complaint in the wrong district, pursuant 28 U.S.C. § 1406(a) this Court should dismiss the

Complaint as to LGIT USA.

### a.    Venue Is Improper Under 28 U.S.C. § 1400(b)

There are two prongs of 28 U.S.C. § 1400(b) in which venue can be judged.  First, a suit

for "patent infringement may be brought in the judicial district where the defendant resides . . . ."

(Emphasis added.)   Second, a suit for "patent infringement may be brought . . . where the

defendant has committed acts of infringement and has a regular and established place of

business."  28 U.S.C. § 1400(b) (emphasis added).  For the reasons discussed below, venue is

improper in the Eastern District of Texas under either prong.

### (1)    LGIT USA Does Not Reside In The Eastern District Of Texas

For purposes of venue, "[a] corporation is deemed to 'reside' in the judicial district in

which it would have personal jurisdiction if that district were considered to be a state."  *Health

Discovery Corp. v. Ciphergen Biosystems, Inc.*, No. 2:06-CV-260 (TJW), 2007 WL 128283, *1

(E.D. Tex. Jan. 11, 2007) (J. Ward presiding) (emphasis added).  As discussed above, this Court

lacks personal jurisdiction over LGIT USA in the Eastern District of Texas.  Even if this Court

were to consider LGIT USA's sales into Pharr, Texas, those sales still cannot provide this Court

with personal jurisdiction because those contacts are with the Southern District of Texas.  See

*Health Discovery Corp.*, 2007 WL 128283, at *1  (explaining that the suit was filed in the wrong

district when the defendant had no contacts with the Eastern District of Texas and the only alleged contacts in Texas were in the Western and Southern Districts).

As such, venue is improper under the first prong of 28 U.S.C. § 1400(b).

(2)  **LGIT USA Does Not Have a Regular and Established Place of Business in the Eastern District of Texas, Nor Has It Committed Acts Of Infringement in This District**

Venue is also improper under the second prong of 28 U.S.C. § 1400(b) because, as explained above, LGIT USA does not have a regular and established place of business in the Eastern District of Texas because it has no offices, no employees, no agents, no representatives, no customers or any presence whatsoever in the Eastern District of Texas.  (See Kim Declaration at ¶¶  3-6, 8-16, 26-31, and 37-40.)

Furthermore, LGIT USA has not committed any acts of infringement regarding the Nidec spindle motor patents because LGIT USA does not make, use, sell, offer to sell or import: i) components of spindle motors; ii) entire spindle motors; or iii) products containing spindle motors.  (Kim Declaration at ¶ 20.)  Thus, no infringing acts occurred in the Eastern District of Texas, and therefore,  Nidec fails to satisfy the second prong of 28 U.S.C. § 1400(b).

b.  **LGIT USA Does Not Reside In the Eastern District Of Texas and Therefore Venue is Improper Under 28 U.S.C. § 1391(c)**

In addition, LGIT USA does not reside in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(c), which provides:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

DC:50566120.1

Therefore, venue could only be proper in the Eastern District of Texas if LGIT USA's contacts with the Eastern District are such that, if the district itself were a state, personal jurisdiction would be satisfied.

As explained above, there is no personal jurisdiction over LGIT USA in the Eastern District of Texas.  Specifically, personal jurisdiction does not exist under the: i) theory of general jurisdiction (see Section III (A)(1)(a) above); ii) theory of specific jurisdiction (see Section III (A)(1)(b) above); nor iii) stream of commerce theory (see Section III (A)(1)(c) above).  Nidec cannot satisfy: i) the general jurisdiction requirements because LGIT USA has not engaged in "continuous and systemic" contacts in the Eastern District of Texas; ii) the specific jurisdiction theory because Nidec failed to prove that: 1) LGIT USA directed its activities at the Eastern District of Texas, 2) Nidec's infringement claims do not arise out of or are related to LGIT USA's sales of tuner and modulators, and 3) this Court's assertion of personal jurisdiction would not be reasonable and fair; nor iii) the stream of commerce theory because LGIT USA does not make, use, offer to sell, sell or import the accused products in the Eastern District of Texas.

Thus, LGIT USA cannot be said to have "corporate residence" under 28 U.S.C. § 1391(c) in the Eastern District of Texas.

### 3.    Nidec's Other Alleged Bases For Venue Also Fail

Nidec's allegations that venue is proper under §§ 1391 (b) and (d) are also wrong.  First, § 1391(b)(1) requires "residence" in the forum district as defined by § 1391(c).  As explained above, LGIT USA does not "reside" in the Eastern District of Texas for purposes of venue because it is not subject to personal jurisdiction there.  Second, § 1391(b)(2), which provides that personal jurisdiction may be in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," is inapplicable for similar reasons.  LGIT USA has not committed <u>any</u> "events or omissions [in the Eastern District of Texas] giving rise to" the

claims asserted by Nidec, let alone a "substantial part" of such events.  Third, because this action could have been brought in another judicial district where LGIT USA resides, 28 U.S.C. § 1391(b)(3), which provides for venue if there is no other district where the action may have been brought, is also inapplicable.[2]  Finally, LGIT USA is not an alien, so 28 U.S.C. § 1391(d) is immaterial.

## IV.    CONCLUSION

For the foregoing reasons, this Court does not have personal jurisdiction over LG Innotek U.S.A. in the Eastern District of Texas, and thus this Court should dismiss the complaint against Defendant LG Innotek U.S.A. pursuant to Fed. R. Civ. P. 12(b)(2).  Moreover, venue in the Eastern District of Texas is improper under §§ 1391 and 1400(b), and this Court should dismiss the Complaint against Defendant LG Innotek U.S.A. pursuant to Fed. R. Civ. P. 12(b)(3).

---

[2]      As LGIT USA is a resident of San Diego, California (see Kim Declaration at ¶ 3), venue could lie in the Southern District of California.

DC:50566120.1

Dated:  August 29, 2008

Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P. O. Box 7339
Tyler, Texas 75711-7339
Telephone: (903) 509-5000
Facsimile: (903) 509-5092

Gaspare J. Bono
gbono@mckennalong.com
MCKENNA LONG & ALDRIDGE, L.L.P.
1900 K Street, NW
Washington, D.C.  20006
Telephone: (202) 496-7500
Facsimile:  (202) 496-7756

ATTORNEYS FOR DEFENDANT
LG INNOTEK U.S.A., INC.

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 29th day of August, 2008, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth

- 30 -